IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | CIVIL ACTION NO. |
| | COMPLAINT |
| v. | |
| WAL-MART STORES, INC. | JURY TRIAL DEMANDED |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title I of the American with Disabilities Act of 1990, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Marcia L. Arney who was adversely affected by such practices. Specifically, Defendant discriminated against Ms. Arney by failing to provide her a reasonable accommodation and constructively discharging her from her employment due to her disability, cerebral palsy.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of New Mexico.

## PARTIES

3.     Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant, Wal-Mart Stores, Inc. ("Defendant"), has continuously been and is now doing business in the State of New Mexico and has continuously employed at least fifteen employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6.     At all relevant times, Defendant has continuously been a covered entity under Section 101(2) of the ADA, 42 U.S.C. Section 12111(2).

## STATEMENT OF CLAIMS

7.     More than thirty days prior to the institution of this lawsuit, Marcia L. Arney filed a charge with the Commission alleging violation of the ADA by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.     Since September 4, 2009, the Defendant has engaged in conduct in violation of Section 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. § 12112(b)(5)(A), and Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a), by failing to provide Marcia L. Arney with a

reasonable accommodation, and constructively discharging her from her employment due to her disability.

9. Marcia L. Arney has had cerebral palsy since birth. Her impairment substantially limits her in the major life activity of brain function.

10. The Defendant required Ms. Arney to provide a full medical release upon the conclusion of a medical leave of absence. The medical leave had been necessitated by complications related to Ms. Arney's impairment of cerebral palsy. When Ms. Arney was only able to obtain from her physician a release that required that she take a break every 45 minutes, Defendant refused to engage in an interactive process and refused to provide Ms. Arney with a reasonable accommodation for her disability, again requiring that she obtain a release without any restrictions.

11. Marcia L. Arney was qualified to perform her job with the reasonable accommodation of breaks prescribed by her doctor.

12. Knowing that her doctor would not supply the full release required by Defendant, Ms. Arney had no choice but to resign her employment on or about September 17, 2009.

13. The effect of the practices complained of in paragraphs 8, 10, 11 and 12, above, has been to deprive Marcia L. Arney of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

14. The unlawful employment practices complained of in paragraphs 8, 10, 11, and 12 were intentional.

15. The unlawful employment practices complained of in paragraphs 8, 10, 11 and
   12, above, were committed with malice or with reckless indifference to the
   federally protected rights of Marcia L. Arney.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B. Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order the Defendant to make whole Marcia L. Arney by providing appropriate back pay with prejudgment interest in amounts to be determined at trial, front pay, pecuniary losses, compensatory damages including out-of-pocket expenses, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement of Marcia L. Arney

D. Order the Defendant to make whole Marcia L. Arney by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8, 10, 11 and 12, above.

E. Order the Defendant to make Marcia L. Arney whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 8, 10, 11 and 12, above, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of consortium, and loss of enjoyment of life, in amounts to be determined at trial.

  F. Order the Defendant to pay Marcia L. Arney punitive damages for its intentional, malicious conduct or reckless indifference described and referenced in paragraph 8, 10, 11 and 12, above, in an amount to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

s/ROBERT A. CANINO
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

s/TOBY W.COSTAS
TOBY W. COSTAS
Supervisory Trial Attorney
Texas State Bar No. 04855720

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston Street, 3rd Floor
Dallas, Texas 75202

(214) 253-2760 (telephone)
(214) 253-2749 (facsimile)